**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Frederick Banks "as 'Next Friend'** ) | **CASE NO. 4:18 CV 965** |
| **for Travis Reinking, Nashville Waffle** ) | |
| **House Shooter,"** ) | |
| ) | |
| **Petitioner,** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **v.** ) | |
| ) | **ORDER OF DISMISSAL** |
| **Central Intelligence Agency,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

This is another frivolous action filed by *pro se* Petitioner Frederick Banks ("Banks"), a prisoner in the Northeast Ohio Correctional Complex and a frequent, frivolous filer in this district and others. In this action, Banks has filed a "Next Friend" Petition for a Writ of *Habeas Corpus* and Mandamus purportedly on behalf of Travis Reinking, the suspect in the mass shooting that killed four people in a Nashville, Tennessee Waffle House. (Doc. No. 1.) Banks has filed the Petition against the Central Intelligence Agency, Secretary of State Mike Pompeo, and numerous others, contending among other things that the CIA is unlawfully holding Reinking in custody "because he is in a CIA Telepathic Behavior Modification Program" and being controlled by the CIA involuntarily.

Banks' "Next Friend Petition" is summarily dismissed.

A petition for a writ of *habeas corpus* must be in writing and "signed and verified by the

person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In order to act on another prisoner's behalf, a putative next friend bears the burden of demonstrating that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability," and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Tate v. United States*, 72 F. App'x 265, 266-67 (6th Cir. 2003). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Nothing in Banks's Petition remotely suggests a basis to justify his next-friend standing on behalf of the Nashville Waffle House shooter. *See, e.g.*, *Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002) (next-friend *habeas* standing requires a significant pre-existing relationship between the prisoner and the putative next friend, such as a wife as next friend for her husband, or a mother for her son); *Porch v. Campbell*, No. 05-0667-BH-C, 2007 WL 1381621, at *4 (S.D. Ala. May 9, 2007) (prisoner did not have next-friend standing to assert claims on behalf of a fellow prisoner).

Furthermore, Rule 4 of the Rules governing § 2254 cases allows the district court to summarily dismiss a *habeas petition* on its own motion "[i]f it plainly appears from the petition any attached exhibits that the petitioner is not entitled to relief in the district court." This extends "to petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The assertions in Banks's Petition are palpably incredible, false, and without merit.

Accordingly, this action is summarily dismissed. The Court further certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


                                                /s/Donald C. Nugent  
                                              DONALD C. NUGENT  
                                              UNITED STATES DISTRICT JUDGE

Dated: __July 18, 2018_____